Bradley J. Bondi*
**PAUL HASTINGS LLP**
2050 M Street NW
Washington, DC 20036
Telephone: (202) 551-1700
bradbondi@paulhastings.com
*pro hac vice* forthcoming

Matthew P. Previn*
**PAUL HASTINGS LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6049
matthewprevin@paulhastings.com
*pro hac vice* forthcoming

Benson L. Hathaway, Jr. (Bar No. 4219)
Alyssa Nielsen (Bar No. 18066)
**KIRTON McCONKIE**
50 East South Temple, 4th Floor
P.O. Box 45120
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
bhathaway@kmclaw.com
anielsen@kmclaw.com
*Counsel for Defendants Acima Digital, LLC
and Acima Holdings, LLC*

Matthew A. Steward (37637)
Walter A. Romney, Jr. (#7975)
Nickolas C. Sessions (#18091)
**CLYDE SNOW & SESSIONS**
201 South Main Street, Suite 2200
Salt Lake City, Utah 84111
Telephone: (801) 322-2516
*Counsel for Defendant Aaron Allred*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>    Plaintiff,<br><br>v.<br><br>ACIMA HOLDINGS, LLC, ACIMA DIGITAL, LLC (F/K/A ACIMA CREDIT, LLC, D/B/A ACIMA LEASING), and AARON ALLRED,<br><br>    Defendants. | **DEFENDANTS ACIMA DIGITAL, LLC, ACIMA HOLDINGS, LLC, AND AARON ALLRED'S EXPEDITED MOTION TO STAY OR EXTEND DEADLINE FOR DEFENDANTS TO RESPOND TO PLAINTIFF'S COMPLAINT PENDING RESOLUTION OF MOTION TO TRANSFER OR, IN THE ALTERNATIVE, TO STAY**<br><br>    Case No. 2:24-CV-00525-DBB |

Defendants Acima Digital, LLC and Acima Holdings, LLC (collectively, "Acima"), together with Aaron Allred ("Allred"), respectfully move the Court for an order staying or extending the date for the Defendants' response to Plaintiff's Complaint (ECF 2) pending the Court ruling on Acima's September 16, 2024 Motion To Transfer, or in the Alternative, To Stay ("Motion To Transfer or Stay") (hereinafter, the "Motion") (ECF 11).  The existing deadline is September 30, 2024.  Defendants respectfully request that the Court decide this Motion on an expedited basis.

As set forth in Acima's Motion, this action should be transferred to the Eastern District of Texas, where Acima's declaratory judgment action against Plaintiff Consumer Financial Protection Bureau ("CFPB") (hereinafter, the "Texas Action") is pending, for determination of the application of the first-to-file rule by the Texas court.  ECF 11.  An extension will promote judicial efficiency and avoid unnecessary and potentially duplicative motion practice.

## FACTUAL BACKGROUND

On September 16, 2024, Acima filed its Motion, and shortly thereafter Allred filed a Joinder requesting the same relief.  ECF 11, 15.  That same day, in an effort to avoid unnecessary motion practice, Defendants sought Plaintiff's stipulation to extend Defendants' deadline to answer or otherwise respond the Complaint.  The CFPB declined to stipulate, necessitating this motion to avert an unnecessary waste of judicial and party resources.

## ARGUMENT

This Court has the inherent power to stay or extend pending deadlines to preserve the "economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963).  When determining whether to exercise this discretion and grant a stay, this Court considers: "(1) whether the stay would promote judicial economy; (2) whether the stay would avoid possible inconsistent

results; and (3) whether the stay would not work undue hardship or prejudice against the plaintiff."
*Wakaya Perfection, LLC v. Youngevity, Int'l, Inc.*, 2019 WL 977916, at *2 (D. Utah Feb. 28, 2019)
(citation omitted).  All three factors weigh in favor of a stay.

*First*, a stay of Defendants' deadline to answer or otherwise respond to the Complaint would promote judicial economy because Defendants anticipate filing extensive motions to dismiss involving a number of statutory and constitutional arguments.  If the Court grants Acima's Motion, then extensive motion practice would be avoided.  *See Yellow Corp. v. Int'l Bhd. of Teamsters*, 2023 WL 5854672, at *1 (D. Kan. Sept. 11, 2023) ("[D]eciding the transfer issue first is in the best interest of judicial economy.").

*Second*, a temporary stay of Defendants' deadline to respond to the Complaint would avoid potentially inconsistent results should this Court and the Eastern District of Texas rule differently on concurrently-pending Rule 12 motions.  As set forth in Acima's Motion, Acima's defenses in the Utah Action necessarily would overlap with affirmative claims already raised by Acima in the Texas Action.  Filing motions to dismiss now in this Court risks inconsistent rulings on statutory and constitutional issues from courts in two separate districts in different federal circuits.  The potential for inconsistent results weighs in favor of a temporary stay while the most suitable venue for the respective actions is determined.

*Third*, there is no cognizable risk of prejudice to the CFPB of a stay or extension.  "If the Court decides against transfer, it can efficiently set a briefing schedule on the motions to dismiss and rule expediently."  *Yellow Corp.*, 2023 WL 5854672, at *1.  The CFPB cannot plausibly claim prejudice caused by a short delay in the briefing schedule, given that the CFPB began its investigation of Acima four years ago and did not initiate this action until less than two months ago.  ECF 11, Ex. A (Texas Complaint) ¶ 55.

Routinely, courts grant stays of initial responsive pleading deadlines pending resolution of motions to transfer. *See, e.g., Cherokee Nation v. Nash*, 724 F. Supp. 2d 1159, 1164 (N.D. Okla. 2010); *Yellow Corp.*, 2023 WL 5854672, at *1; *Tibbetts v. 3M Co.*, 2022 WL 252685, at *3 (E.D. La. Jan. 27, 2022). In *Cherokee Nation*, a case involving a motion to transfer under the first-to-file rule, "[t]he Court granted the Cherokee Nation's and the Federal Defendants' motions to stay their deadlines to file a responsive pleading to the Freedman Defendants' counterclaims and cross claims until following the Court's rulings on [their] motions to transfer or stay." 724 F. Supp. 2d at 1164. Similarly, in *Yellow Corp.*, the court held that a brief pause in the "early stages" of a case posed no risk of prejudice in preventing expenditure of effort on potentially unnecessary briefing. *See* 2023 WL 5854672, at *1–2. Finally, the court in *Tibbetts* held that a stay of defendant's deadline to respond to the complaint was appropriate because "the stay is likely to be brief, it will not prejudice the plaintiff, … it will avoid prejudice to defendants; and it will conserve judicial resources and ensure consistent rulings on common issues[.]" 2022 WL 252685, at *3.

## CONCLUSION

This Court should stay or extend all deadlines in this action until a reasonable time after the Court rules on Acima's pending Motion.

[Signatures on Next Page]

Respectfully submitted,

Dated: September 17, 2024

By:   */s/  Bradley J. Bondi*
    Bradley J. Bondi*
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C. 20036
    Telephone: (202) 551-1701
    Facsimile: (202) 551-0201
    **pro hac vice* forthcoming

By:   */s/  Matthew P. Previn*
    Matthew P. Previn*
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, NY 10166
    Telephone: (212) 318-6049
    Facsimile: (212) 303-7049
    **pro hac vice* forthcoming

By:   */s/  Benson L. Hathaway, Jr.*
    Benson L. Hathaway, Jr.
    Alyssa K. Nielsen
    KIRTON MCCONKIE PC
    50 E. South Temple, Ste. 400
    Salt Lake City, UT 84111
    Telephone: (801) 328-3600
    Facsimile: (801) 321-4893

*Counsel for Defendants Acima Digital, LLC and Acima Holdings, LLC*

By: */s/  Matthew A. Steward*
    Matthew A. Steward (#7637)
    Walter A. Romney, Jr. (#7975)
    Nickolas C. Sessions (#18091)
    Clyde Snow & Sessions
    201 South Main Street, Suite 2200
    Salt Lake City, Utah  84111
    Telephone: (801) 322-2516

*Counsel for Defendant Aaron Allred*

5