Bradley J. Bondi*  
PAUL HASTINGS LLP  
2050 M Street NW  
Washington, DC 20036  
Telephone: (202) 551-1700  
*pro hac vice*

Matthew P. Previn*  
PAUL HASTINGS LLP  
200 Park Avenue  
New York, NY 10166  
Telephone: (212) 318-6049  
*pro hac vice*

Benson L. Hathaway, Jr. (#4219)  
Alyssa K. Nielsen (#18066)  
KIRTON MCCONKIE  
50 E. South Temple, Suite 400  
Salt Lake City, UT 84111  
Telephone: (801) 328-3600  

*Counsel for Defendants Acima Digital, LLC and Acima Holdings, LLC*

Matthew A. Steward (#7637)  
Walter A. Romney, Jr. (#7975)  
Nickolas C. Sessions (#18091)  
CLYDE SNOW & SESSIONS  
201 South Main Street, Suite 2200  
Salt Lake City, Utah 84111-2216  
Telephone: (801) 322-2516  

*Counsel for Defendant Aaron Allred*

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>*Plaintiff,*<br><br>v.<br><br>ACIMA HOLDINGS, LLC, ACIMA DIGITAL, LLC (F/K/A ACIMA CREDIT, LLC, D/B/A ACIMA LEASING), and AARON ALLRED,<br><br>*Defendants.* | **DEFENDANTS' REPLY IN SUPPORT OF EXPEDITED MOTION TO STAY OR EXTEND DEADLINE TO RESPOND TO THE CFPB'S COMPLAINT PENDING RESOLUTION OF MOTION TO TRANSFER OR STAY**<br><br>Case No. 2:24-CV-00525-DBB-CMR<br><br>Judge David Barlow<br><br>Magistrate Judge Cecilia M. Romero |

1

Defendants Acima Digital, LLC and Acima Holdings, LLC (collectively, "Acima"), together with Aaron Allred ("Allred") (collectively, "Defendants"), respectfully submit this reply in support of their Motion to Stay or Extend Deadline for Defendants to Respond to Plaintiff's Complaint Pending Resolution of Motion to Transfer or, in the Alternative, to Stay (the "Motion") (ECF 17).

## RELIEF SOUGHT AND GROUNDS

The Court should grant Defendants' Motion. The CFPB opposes even a modest stay of pleading deadlines but offers no substantive bases for such opposition in its meager two-paragraph response. The CFPB's half-hearted Memorandum in Opposition (ECF 32) ("Opposition" or "Opp.") fails to acknowledge—let alone distinguish or counter—the multiple examples of district courts that routinely have recognized the logic and benefit of a short stay of proceedings about the merits pending resolution of a motion to transfer. The factors motivating routine stays in other cases ring true here, and the CFPB offers no good reasons to depart from that regular practice.

## ARGUMENT

Defendants' Motion established that the three factors for a stay are met here:  1) a stay will promote judicial economy, 2) a stay will help prevent inconsistent rulings, and 3) a stay will not prejudice the CFPB. *See Wakaya Perfection, LLC v. Youngevity, Int'l, Inc.*, 2019 WL 977916, at *2 (D. Utah Feb. 28, 2019). In its barebones Opposition, the CFPB fails to counter this showing or to establish any other reason why a stay is otherwise inadvisable.

As set forth in Defendants' Motion, district courts grant similar motions routinely. *See, e.g.*, *Cherokee Nation v. Nash*, 724 F. Supp. 2d 1159, 1164 (N.D. Okla. 2010); *Yellow Corp. v. Int'l Bhd. of Teamsters*, 2023 WL 5854672, at *1 (D. Kan. Sept. 11, 2023); *Tibbetts v. 3M Co.*, 2022 WL 252685, at *3 (E.D. La. Jan. 27, 2022). The CFPB makes no attempt to distinguish these

cases, which exemplify the well-founded reasons to impose a brief pause on pleading deadlines while the Court considers and rules on a pending motion to transfer. The CFPB's decision to ignore this case law—and to cite no case to the contrary—all but concedes that the prudential course taken by other district courts is universally followed.

The CFPB offers only three half-hearted and perfunctory assertions in its two-paragraph Opposition to the requested short stay. None carries weight, and none justifies departure from the routine practice of granting stays pending resolution of a motion to transfer.

*First*, the CFPB argues that consideration of judicial economy does not permit this Court to take into account a defendant's expenditure of resources. Opp. at 9. That is wrong, and absurd. In *Tibbetts*, for example, the court held that "the stay is likely to be brief, it will not prejudice the plaintiff, … ***it will avoid prejudice to defendants***; and it will conserve judicial resources and ensure consistent rulings on common issues[.]" 2022 WL 252685, at *3 (emphasis added). As the CFPB well knows, it filed a voluminous and complex nineteen-count complaint against multiple defendants. Responding—potentially unnecessarily—to such a long and complex complaint would constitute a significant waste of party resources.

*Second*, the CFPB argues that a brief stay of the pleading deadlines would somehow endanger the public interest. Opp. at 9. What the CFPB fails to mention is that the agency took **many years** to conduct a pre-suit investigation before initiating this enforcement action. For this reason, the assertion that a brief pause pending resolution of a single motion would endanger the public interest is not credible on its face. In a similar vein, the CFPB's argument presumes, wrongly, that its preferred litigation schedule is *per se* in the public interest. That is not the law.

*Third*, the CFPB argues that Defendants should not be "rewarded" with a stay of pleading deadlines for filing a motion to transfer. Opp. at 9. Of course, given that Defendants' motion to

transfer is well founded and designed to promote judicial economy, the CFPB's assertion is nonsensical. Following the Bureau's logic, any relief extended to Defendants could be impugned as some sort of improper "reward."

Instead of providing sufficient basis to deny the Motion, the CFPB's assertion reveals its tactical motivation for its opposition: Defendants are drafting responsive pleadings in Texas at present, and the CFPB is more than willing for Defendants to expend additional resources drafting responsive pleadings in Utah at the same time. Such motivations are insufficient to oppose a stay.

As explained in the Motion, the factual circumstances and strong judicial precedents weigh heavily in favor of the request for a modest stay of pleading deadlines pending consideration and resolution of a motion to transfer.

## **CONCLUSION**

For these reasons, this Court should grant Defendants' Motion.

                                                                                   Respectfully submitted,

Dated: October 2, 2024

By:  /s/  Bradley J. Bondi (with permission)        By: /s/  Matthew P. Previn (with permission)
      Bradley J. Bondi*                                                 Matthew P. Previn*
      PAUL HASTINGS LLP                                      PAUL HASTINGS LLP
      2050 M Street NW                                                  200 Park Avenue
      Washington, D.C. 20036                                 New York, NY 10166
      Telephone: (202) 551-1701                           Telephone: (212) 318-6049
      Facsimile: (202) 551-0201                            Facsimile: (212) 303-7049
      *pro hac vice                                                            *pro hac vice

By:  /s/  Benson L. Hathaway, Jr.
      Benson L. Hathaway, Jr. (Bar No. 4219)
      Alyssa K. Nielsen (Bar No. 18066)
      KIRTON MCCONKIE
      50 East South Temple, Ste. 400
      P.O. Box 45210
      Salt Lake City, Utah 84111
      Telephone: (801) 328-3600
      Facsimile: (801) 321-8493

*Counsel for Defendants Acima Digital, LLC and Acima Holdings, LLC*

By: /s/  Matthew A. Steward (with permission)
      Matthew A. Steward (#7637)
      Walter A. Romney, Jr. (#7975)
      Nickolas C. Sessions (#18091)
      CLYDE SNOW & SESSIONS
      201 South Main Street, Suite 2200
      Salt Lake City, Utah  84111-2216
      Telephone: (801) 322-2516

*Counsel for Defendant Aaron Allred*