## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, <br><br> *Plaintiff,* <br><br> v. <br><br> ACIMA HOLDINGS, LLC, ACIMA DIGITAL, LLC (F/K/A ACIMA CREDIT, LLC, D/B/A ACIMA LEASING), and AARON ALLRED, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [17] DEFENDANTS' MOTION TO STAY** <br><br> Case No. 2:24-cv-00525-DBB-CMR <br><br> Judge David Barlow <br><br> Magistrate Judge Cecilia M. Romero |

Before the court is an Expedited Motion to Stay or Extend Deadline (Motion) (ECF 17) filed by Defendants Acima Digital, LLC and Acima Holdings, LLC (collectively, Acima), as well as Defendant Aaron Allred's (Allred) (collectively, Defendants). Defendants ask for an extension or stay of their deadline to respond to Plaintiff Consumer Financial Protection Bureau's (Plaintiff or CFPB) Complaint[1] pending resolution of Acima's Motion to Transfer, or in the alternative, to Stay (Acima's Motion) (ECF 11). For the reasons stated below, the court GRANTS the Motion.

## I.    DISCUSSION

The court is empowered to stay proceedings pending before it for the purpose of economy of time and effort for itself, counsel, and litigants. *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963). "When deciding whether to exercise its inherent power to stay, the court considers: (1) whether the stay would promote judicial economy; (2) whether the stay would avoid possible

---

[1] Since the filing of Defendants' Motion, Plaintiff has filed an Amended Complaint (ECF 31). The court directs Defendants to address any procedural deficiencies with this filing in their responsive pleading.

inconsistent results; and (3) whether the stay would not cause undue hardship or prejudice against the plaintiff." *Dutcher v. Bold Films LP*, No. 2:15-CV-00110-DB-PMW, 2018 WL 5849471, at *1 (D. Utah Nov. 8, 2018) (quoting *United States ex rel. Cache Valley Elec. Co. v. Travelers Cas. & Sur. Co. of Am.*, No. 2:13-cv-01120-DN, 2015 WL 164064, at *3 (D. Utah Jan. 13, 2015)).

Defendants argue all three factors weigh in favor of a stay pending resolution of Acima's Motion because a stay would promote judicial economy where Defendants anticipate filing extensive motions to dismiss if the matter is not transferred. Defendants further argue a stay would avoid inconsistent results due to pending motions to dismiss in a related action in the Eastern District of Texas (the Texas Action), and a short delay in the briefing schedule will not prejudice Plaintiff (ECF 17 at 3–4). Plaintiff opposes the stay on the grounds that a stay would not conserve judicial resources because the court can decide when to address motions to dismiss, requiring Defendants to comply with the existing deadline does not risk inconsistent decisions with the Texas Action, and a stay would unduly delay resolution of this public enforcement action (ECF 32 at 11). In reply, Defendants note that Plaintiff fails to offer authority or sufficient support for their arguments opposing the stay (ECF 34 at 2).

The court agrees that a stay is warranted. As noted by Defendants, courts routinely grant similar requests to stay the responsive pleading deadline pending resolution of motions to transfer, or in the alternative, to stay. *See, e.g.*, *Cherokee Nation v. Nash*, 724 F. Supp. 2d 1159, 1164 (N.D. Okla. 2010) (noting the court had granted the defendants' motions to stay the deadline for their responsive pleadings "until following the Court's rulings on [their] motions to transfer or stay"); *Yellow Corp. v. Int'l Bhd. of Teamsters*, 2023 WL 5854672, at *1 (D. Kan. Sept. 11, 2023) ("[D]eciding the transfer issue first is in the best interest of judicial economy."). Here, the court finds that a stay would promote judicial economy by allowing the court to efficiently manage its docket by determining whether the case will remain in this court before permitting the filing of

dispositive motions. A stay would also avoid potentially inconsistent results with pending motions to dismiss in the Texas Action raising similar statutory and constitutional issues that would be raised in motions to dismiss in this case. Finally, a short delay in the briefing schedule for responsive pleadings at the early stages of this case will not unduly prejudice Plaintiff or the public. The court therefore concludes that a stay is warranted.

## II.    CONCLUSION AND ORDER

For the foregoing reasons, the court hereby GRANTS the Motion (ECF 17) and ORDERS that the matter is stayed pending resolution of Acima's Motion (ECF 11). Defendants' responsive pleading is due no later than 14 days after the court's ruling on Acima's Motion. Plaintiff will receive an extension of 14 days for the filing of any opposition to Defendants' responsive pleading or motion under Federal Rule of Civil Procedure 12.

IT IS SO ORDERED.

DATED this 25 October 2024.

Cecilia M. Romero

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah