THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>ACIMA HOLDINGS, LLC, ACIMA DIGITAL, LLC (F/K/A ACIMA CREDIT, LLC, D/B/A ACIMA LEASING) and AARON ALLRED,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [ECF NOS. 11 AND 15] DEFENDANTS' MOTIONS TO TRANSFER OR IN THE ALTERNATIVE TO STAY**<br><br>Case No. 2:24-cv-00525<br><br>District Judge David Barlow |

Before the court are Acima Holdings, LLC ("Acima Holding"), Acima Digital, LLC ("Acima Digital") (together "Acima"),[1] and Aaron Allred's ("Mr. Allred") (collectively "Defendants") motions to transfer or, in the alternative, to stay.[2] Defendants request that this case be transferred or stayed pending resolution of a declaratory judgment action they filed in the Eastern District of Texas (the "Texas action").[3] For the reasons stated below, Defendants' motions are denied.

---

[1] Defendants Acima Digital, LLC and Acima Holdings, LLC's Motion to Transfer or, in the Alternative, to Stay ("Acima Motion"), ECF No. 11, filed Sep. 16, 2024.

[2] Defendant Aaron Allred's Joinder in Defendants Acima Digital, LLC and Acima Holdings, LLC's Motion to Transfer or, in the Alternative, to Stay, and Request for Extension, ECF No. 15, filed Sep. 17, 2024. In his motion, Mr. Allred adopts the legal argument of Acima and joins in its request for relief, therefore, the court addresses the defendants collectively.

[3] Amended Complaint for Declaratory and Injunctive Relief ("Texas Complaint"), ECF No. 11-1, filed Sep. 16, 2024; *Acima Digital, LLC et al v. Consumer Financial Protection Bureau*, Case No. 4:24-cv-662.

1

# BACKGROUND

Acima states that it engages in lease-to-own transactions.[4] The Consumer Financial Protection Bureau (the "Bureau") alleges that Acima and its founder and former CEO, Mr. Allred, have used this business model to "ensnare vulnerable consumers with poor or limited credit in a financial obligation that ends up costing them more" than the leased product's original price.[5] The Bureau investigated Acima for several years, and the parties entered into settlement negotiations in 2024.[6] By July 2024, these negotiations had failed, and it was clear the Bureau was going to bring an enforcement action against Defendants.[7]

On July 22, 2024, Acima filed a declaratory judgment action against the Bureau and its director, Rohit Chopra, in the Eastern District of Texas.[8] In the Texas action, Acima contends that the CFPB lacks legal authority to regulate it and requests an injunction stopping "the CFPB from its continued assertion of investigative powers over, and from instituting threatened imminent litigation against" it.[9] Acima filed this action in the Eastern District of Texas because its parent company, Upbound Group, Inc. ("Upbound"), is headquartered there.[10]

On July 26, 2024, the Bureau filed its Complaint in this court (the "Utah action") against Defendants, alleging violations of the Consumer Financial Protection Act, the Fair Credit Reporting Act, and other federal statutes and regulations.[11] Defendants filed their Motion to

---

[4] Acima Mot. 2.
[5] Complaint ¶ 1, ECF No. 2, filed July 26, 2024.
[6] Plaintiff's Combined Opposition 2 ("Mem. in Opp."), ECF No. 32, filed Sep. 30, 2024; Acima Mot. 3.
[7] Mem. in Opp. 2; Acima Mot. 3.
[8] Texas Complaint.
[9] *Id.* at 2.
[10] Acima Mot. 7.
[11] Complaint 32–49.

Transfer or Stay on September 16, 2024.[12] The Bureau filed its opposition on September 30, 2024,[13] and Defendants replied on October 7, 2024.[14] The Bureau has filed a motion to dismiss the Texas action, which appears to be pending.[15]

## STANDARD

A district court "may transfer any civil action to any other district or division where it might have been brought" for the convenience of the parties and witnesses.[16] "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient."[17]

District courts have "broad discretion to stay proceedings as an incident to its power to control its own docket."[18] "When applying for a stay, a party must show 'a clear case of hardship or inequity' if 'even a fair possibility' exists that the stay would damage another party."[19]

## DISCUSSION

Defendants argue this case should be transferred to the Eastern District of Texas or stayed under the first-to-file rule.[20] Defendants then argue that if the rule does not apply, this case should be transferred to Texas under 28 U.S.C. § 1404 or stayed pending resolution of the Texas action. The court considers each argument in turn.

---

[12] Acima Mot.
[13] Mem. in Opp. 1.
[14] Defendants Reply Memorandum in Support of their Motion to Transfer or, in the Alternative, to Stay, ECF No. 35, filed Oct. 7, 2024.
[15] *Acima Digital, LLC et al v. Consumer Financial Protection Bureau*, Case No. 4:24-cv-662.
[16] 28 U.S.C.A. § 1404(a).
[17] *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)).
[18] *Clinton v. Jones*, 520 U.S. 681, 683 (1997) (citations omitted).
[19] *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (quoting *Ben Ezra, Weinstein, & Co., Inc. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000)).
[20] Acima Mot. 1.

## I.      First-to-File Rule

The first-to-file rule applies "when two district courts have jurisdiction over the same controversy, affording deference to the first filed lawsuit."[21] The rule "permits, but does not require, a federal district court to abstain from exercising its jurisdiction in deference to a first-filed case in a different federal district court."[22] Although the first-to-file rule is a "baseline" when determining which federal court should hear a case, it is not mandatory and "the first court to acquire jurisdiction may not be ideally suited to decide on the merits."[23]

Under the first-to-file rule, "courts consider three factors: '(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake.'"[24] These factors are "not exhaustive" and other "equitable factors" including inequitable conduct, bad faith, anticipatory suits, and forum shopping, may bear on the inquiry.[25]

First, "determining the chronology of events typically requires only a comparison of the two filing dates"[26] Defendants state that after a lengthy investigation, the Bureau informed them it intended to bring an enforcement action.[27] Acima then filed the declaratory judgment action in Texas on July 22, 2024.[28] The Bureau filed its Complaint in this court four days later. Therefore, Defendants were the first to file their complaint in federal court.

---

[21] *Lipari v. U.S. Bancorp NA*, 345 F. App'x 315, 317 (10th Cir. 2009) (unpublished).

[22] *Quint v. Vail Resorts, Inc*., 89 F.4th 803, 815 (10th Cir. 2023) (quoting *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018)).

[23] *Wakaya Perfection*, 910 F.3d at 1124 (citing *Hospah Coal Co. v. Chaco Energy Co*., 673 F.2d 1161, 1163–64 (10th Cir. 1982)).

[24] *Id.* (quoting *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016)).

[25] *Id.*

[26] *Id.*

[27] Def.'s Mot. 2–3.

[28] *Id.*

Second, the parties are nearly identical. Although Acima initially filed the Texas action without Mr. Allred, he joined shortly after the Bureau filed its complaint.[29] Texas defendant Rohit Chopra is not a party to the Utah action, but he is named in his official capacity as the Bureau's director in the Texas action. Therefore, the parties involved are similar.

Third, the issues or claims at stake are similar. In the Texas action, Defendants challenge the Bureau's constitutional and statutory authority to bring enforcement actions.[30] In the Utah action, the Bureau brings the exact kind of enforcement action Defendants want to prohibit through their declaratory judgment action.[31]

"After determining the sequence and similarities in the cases, courts must also determine whether any equitable considerations merit not applying the first-to-file rule in a particular case."[32] Even if all three factors of the rule are satisfied, equitable factors may still counsel against application of the rule.[33]

Defendants' Texas action fits into the "anticipatory-suit exception, which is intended to discourage races to the courthouse door."[34] "An improper anticipatory filing is one made under threat of a presumed adversary filing in a different district of the 'mirror image' of that suit."[35]

---

[29] Acima Mot. 5–6.

[30] Texas Complaint 1.

[31] Complaint 32–49.

[32] *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1127 (10th Cir. 2018) (quoting *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016) (cleaned up)).

[33] *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 792 (6th Cir. 2016); *see also Kerotest Mfg. Co. v. C–O– Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952) ("Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems. The factors relevant to wise administration are equitable in nature.").

[34] *Morgan v. 3-B Cattle Co., Inc.*, No. 18-CV-371-GKF-FHM, 2018 WL 6651529, at *3 (N.D. Okla. 2018); *see also Perez v. Ledesma*, 401 U.S. 82, 119 n. 12 (1971) (Brennan, J., concurring in part and dissenting in part) ("The federal declaratory judgment is not a prize to the winner of a race to the courthouses").

[35] *Nacogdoches Oil & Gas, L.L.C. v. Leading Sols., Inc.*, No. 06-2551-CM, 2007 WL 2402723, at *2 (D. Kan. 2007) (citations omitted); *see also Buzas Baseball, Inc. v. Bd. of Regents of Univ. Sys. of Georgia*, 189 F.3d 477 at *2 (10th Cir. 1999) (unpublished) (district court did not abuse discretion in dismissing declaratory judgment action filed in anticipation of a trial of the same issues in a court of coordinate jurisdiction).

The "classic case" warranting application of the exception to the rule is "where one party has filed an anticipatory suit (usually a declaratory judgment action) in a preferred forum."[36]

That is what happened here. Defendants' Texas action is a declaratory judgment action filed in their preferred forum in anticipation of the present case. Their Texas action seeks "declaratory judgment and injunctive relief to halt the CFPB's illegal and unconstitutional investigation of, and threatened imminent litigation regarding, Acima's lease-to-own business and Allred's acts while he was an executive and board member of Acima."[37] In other words, Defendants filed the Texas action to prevent this case. They state that they prefer the Texas forum because Acima's corporate parent Upbound is headquartered there as well as certain corporate officers.[38] The Texas action was an anticipatory suit that does not warrant application of the first-to-file rule.

Defendants offer two arguments against application of the anticipatory-suit exception. First, they claim the exception is intended to disfavor parties who engage in bad faith tactics.[39] They argue the Texas action was not filed in bad faith but was based on a "legitimate justification to litigate their constitutional and statutory claims in the Eastern District of Texas."[40] But there is no requirement that an anticipatory suit was filed in bad faith for application of the exception. Indeed, the Tenth Circuit has recognized bad faith and anticipatory suits as separate bases that

---

[36] *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 792 (6th Cir. 2016) (citing *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 552 (6th Cir. 2007)); (also citing *AmSouth Bank v. Dale*, 386 F.3d 763, 791 n.8 (6th Cir. 2004) ("the first-filed rule is not a strict rule and much more often than not gives way in the context of a coercive action filed subsequent to a declaratory action.")); *see also Primary Children's Med. Ctr. Found. v. Scentsy, Inc.*, No. 2:11-CV-1141-TC, 2012 WL 591670, at *4 (D. Utah 2013) (unpublished) (court exercised discretion to find exception to first-to file rule because first-filed declaratory judgment action was an filed in anticipation of copyright enforcement action)).

[37] Texas Complaint 2.

[38] Acima Reply 5.

[39] *Id.* at 4–5.

[40] *Id.*

warrant deviations from the general first-to-file rule.[41] Therefore, the exception applies even if Defendants did not act in bad faith.

Second, Defendants assert that the anticipatory-suit exception would "confer unfair tactical advantage on federal agencies" and give them "exclusive authority to forum-shop years in advance of any filing."[42] But Defendants do not explain how the Bureau engaged in improper forum shopping or why the court should not allow plaintiffs to bring their case in their preferred forum.[43] Defendants' arguments against application of the anticipatory-suit exception fail; accordingly, the court declines to abstain pending resolution of the Texas action.

Finally, Defendants argue that numerous cases support applying the first-to-file rule in similar circumstances. But the cases Defendants cite do not involve anticipatory declaratory judgment actions like theirs.[44] In any event, adopting the approach Defendants urge would permit any likely defendant to outrace the government to a courthouse of its choosing. This kind of preemptive forum shopping is unhelpful and inefficient. To be clear, the duplication of effort,

---

[41] *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018) (quoting *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016)) (listing inequitable conduct, bad faith, anticipatory suits, and forum shopping as equitable considerations); *see also Alfwear, Inc. v. Mast-Jagermeister US, Inc.*, No. 2:17-CV-00936-TC, 2020 WL 10317463, at *2 (D. Utah Mar. 6, 2020) (recognizing exception to first-to-file rule when plaintiffs use anticipatory filing to engage in forum shopping).
[42] Acima Reply 5.
[43] *See* 28 U.S.C.A. § 1391(b).
[44] *See, e.g.,* Acima Reply 3, citing *Cherokee Nation v. Nash*, 724 F. Supp. 2d 1159, 1166 (N.D. Okla 2010) (acknowledging court should not apply first-filed rule "where a first-filing party engages in forum shopping or anticipatory filing" without applying anticipatory-suit exception); *Ironshore Specialty Ins. Co. v. A & a Tank Truck Co.*, No. CIV-22-323-JAR, 2023 WL 6323076, at *5 (E.D. Okla. 2023) (applying first-filed rule in breach of insurance policy claim without addressing anticipatory-suit exception); *IK1V TGJ Holdings, LLC v. True Gentlemen's Jerky*, No. 21-CV-1831-WJM-NRN, 2021 WL 5167193, at *2 (D. Colo. 2021) (transferring state tort case to first-filed court without addressing anticipatory-suit exception); *Sturm v. TLC Vision (USA) Corp.*, No. CIV-12-1158-M, 2013 WL 880270, at *2 (W.D. Okla. 2013) (transferring employment case because the convenience of the parties and witnesses strongly favored transfer without addressing anticipatory-suit exception); *Johnson v. Pfizer, Inc.*, No. 04-1178-MLB, 2004 WL 2898076, at *3 (D. Kan. 2004) (recognizing that the first-to-file rule is not automatic and does not apply in an improper anticipatory filing, then stating that this exception did not appear to be applicable in the case).

7

potentially contradictory findings, and waste of judicial resources Defendants indicate they wish to avoid seem to have been caused by their race to choose the forum. Accordingly, the court should not abstain.

## II.      Transfer

In the alternative, Defendants request a transfer to the Eastern District of Texas, arguing it is a better forum for this action because "most of Acima's key witnesses are located there; key corporate decision makers are located there; and management, storage, and oversight of relevant documents takes place there."[45] The Bureau opposes transfer because Defendants fail to carry their burden and Utah is the home state for all three Defendants.[46]

A district court "may transfer any civil action to any other district or division where it might have been brought" for the convenience of the parties and witnesses.[47] "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient."[48] In considering a motion to transfer, the court must "weigh the following discretionary factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical."[49]

---

[45] Acima Mot. 8.
[46] Mem. in Opp. 10.
[47] 28 U.S.C.A. § 1404(a).
[48] *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)).
[49] *Id.* (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

However, "unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed."[50]

Defendants have not established that the District of Utah is inconvenient. Defendants cursorily argue Acima's key witnesses, corporate decision makers, and document management and storage are in Texas.[51] None of these witnesses are identified nor is their materiality discussed. Neither is any reason provided that document management and storage in Texas will cause any inconvenience. This does not tip the balance "strongly in favor of the movant." Additionally, both Acima Digital and Acima Holdings are Utah LLCs.[52] Mr. Allred is a Utah resident.[53] And any potential inconvenience to non-party Upbound does not establish that Utah is an inconvenient forum. Accordingly, Defendants' motion to transfer is denied.

### III.   Stay

Finally, Defendants request a stay pending the resolution of the Texas action.[54] "It is well settled that [a] district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants."[55] "When applying for a stay, a party must show 'a clear case of hardship or inequity' if 'even a fair possibility' exists that the stay would damage another party."[56] "Factors relevant to the court's decision are: (1) whether a stay would promote judicial economy; (2) whether a stay would avoid

---

[50] *Id.* (cleaned up).
[51] Acima Mot. 8.
[52] Corporate Disclosure Statement, ECF No. 12, filed Sep. 16, 2024.
[53] Complaint 5.
[54] Acima Mot. 8.
[55] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (internal quotation marks omitted) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).
[56] *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (quoting *Ben Ezra, Weinstein, & Co., Inc. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000)).

confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship."[57]

The Bureau claims a stay would damage them by prejudicing their efforts to enforce the law.[58] It further argues that staying this case pending the outcome of the Texas action would damage the public's interest in the resolution of their enforcement action. Therefore, there is a fair possibility that a stay would damage the Bureau and ultimately the consumers they seek refunds for.

Defendants do not argue they will suffer hardship or inequity if a stay is not granted. Although they argue a stay would promote judicial economy, avoid potentially inconsistent results, and would not prejudice the Bureau, they fail to articulate how they will be harmed if a stay is not granted.[59] Finally, a stay here would reward the forum shopping and race to the courthouse that prevent application of the first-to-file rule. Therefore, the motion to stay is denied.

## ORDER

Accordingly, Defendants' motions are DENIED.[60]

Signed December 2, 2024.

BY THE COURT

David Barlow
United States District Judge

---

[57] *Gale v. Brinker Int'l Payroll Co., L.P.*, No. 1:09-CV-129 TS, 2010 WL 3835215, at *1 (D. Utah 2010) (quoting *Evergreen Holdings, Inc. v. Sequoia Glob., Inc.*, No. CIV-08-776-F, 2008 WL 4723008, at *2 (W.D. Okla. Oct. 23, 2008)).
[58] Mem. in Opp. 8.
[59] Acima Mot. 9; Acima Reply 7–8.
[60] ECF No. 11, ECF No. 15.